IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MARLEE WEAVER, REBECCA WADE,**
**and EMILY FAULKER**                                                                    **PLAINTIFFS**

vs.                                        CIVIL ACTION No.: 3:22-CV-151-HTW-LGI

**JACKSON, HMA, LLC d/b/a MERIT**
**HEALTH CENTRAL, PROGRESSIVE**
**HEALTH CLINICAL MANAGEMENT**
**SOLUTIONS, LLC, TOM WILLIS, CHRISTOPHER**
**HANNIBAL, JOHN DOES 1-10 and UNKNOWN**
**ENTITIES 1-10**                                                                          **DEFENDANTS**

**ORDER**

BEFORE THIS COURT is Defendants' Partial Motion to Dismiss certain of Plaintiff's claims, to wit:

1. Equal Pay Act Claim against Defendant Christopher Hannibal ("Hannibal");

2. Title VII Claim against Defendant Clinical Management Solutions, LLC[1] ("CMS");

3. Negligent Infliction of Emotional Distress against Defendants Hannibal and CMS; and

4. Intentional Infliction of Emotional Distress against Defendants Hannibal and CMS.

Plaintiffs herein are Marlee Weaver ("Weaver"), Rebecca Wade ("Wade"), and Emily Faulkner. Defendants are: Jackson HMA, LLC d/b/a Merit Health Central; CMS; Tom Willis; Hannibal; John Does 1-10; and Unknown Entities 1-10. The instant motion filed by CMS and Hannibal seeks dismissal of several claims brought by Weaver and Wade against CMS and Hannibal, namely those claims above-mentioned.

---

[1] Defendant Clinical Management Solutions, LLC. asserts that Plaintiffs' Complaint improperly names this entity as "Progressive Health Clinical Management Solutions, LLC."

1

This court has federal question subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. §1331[2]. This court further has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367[3]. Subject matter jurisdiction is not challenged.

Defendants voice their challenges to the targeted above claims under Federal Rule of Civil Procedure 12(b)(6)[4]. The oft-repeated standard of 12(b)(6) is not complicated. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009). The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Id*. at 255–57. The court's review "is limited to the complaint, any documents attached to the complaint, and

---

[2] The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.
28 U.S.C.A. § 1331 (West)

[3] Title 28 U.S.C.A. § 1367 states in pertinent part:
(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

[4] Rule 12 of the Federal Rules of Civil Procedure provides:
b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: … 6) failure to state a claim upon which relief can be granted.

any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

This matter only pertains to Plaintiffs Weaver and Wade. Plaintiff Emily Faulkner did not join in this motion. CMS and Hannibal are the only Defendants involved. This lawsuit contains two other named Defendants. Unless the mentioned fictitious Defendants John Does 1-10 and Unknown Entities 1-10 are timely and appropriately identified, the court later will dismiss them from this litigation. *See Amin-Akbari v. City of Austin, Tex.*, 52 F. Supp. 3d 830, 840-42 (W.D. Tex. 2014) (collecting authorities); *see also Johnson v. Burnett*, No. 3:09-CV-734-CWR-LRA, 2011 WL 976579, at *5 (S.D. Miss. Mar. 17, 2011).

The aggrieved Plaintiffs herein are female occupational therapists, who claim that they were paid lower wages than a male occupational therapist, who was also employed by CMS. Plaintiffs Weaver and Wade claim that Hannibal was the "Regional Director of Therapy" for CMS, who "handled all hiring duties related to Weaver and Wade, and the [aforementioned] male employee." Plaintiffs claim that Hannibal "requested that the male employee receive more training than normally provided to new graduates, including more training than was provided to new female occupational therapists at Merit Health." [Docket no. 1-1, ¶¶ 7, 25, 27]. Relying on these allegations, Plaintiffs assert that CMS and Hannibal violated the Equal Pay Act ("EPA")[5]; that CMS violated Title VII of the Civil Rights Act of 1964 ("Title VII")[6]; and that CMS and Mr.

---

[5] The EPA is codified at Title 29 U.S.C.A. §206.

[6] It shall be an unlawful employment practice for an employer—
    (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

3

Hannibal negligently and intentionally inflicted emotional distress upon them. [Docket no. 1-1, ¶¶ 45-47, 51-53, 66-71, 77-81].

## Plaintiffs' Tort Claims

Weaver and Wade concede their claims of intentional and negligent infliction of emotional distress. Plaintiffs agreed that the intentional infliction of emotional distress was time-barred. In Mississippi, claims of intentional infliction of emotional distress are subject to a one-year statute of limitations. *Lacour v. Claiborne Cnty. Sch. Dist.*, No. 5:08CV315-DCBJMR, 2009 WL 10676872, at *2 (S.D. Miss. July 29, 2009), citing to Miss. Code Ann. § 15-1-35 and *Slaydon v. Hansford*, 830 So.2d 686, 688-89 (Miss. Ct. App. 2002). "A claim for intentional infliction of emotional distress accrues on the date upon which the intentional acts forming the basis of the claim occurred." *Smith v. Hancock Cnty.*, Miss., No. 1:14-CV-466-KS-MTP, 2015 WL 5666891 at *2 (S.D. Miss. Sept. 25, 2015), citing to *CitiFinancial Mortg. Co. v. Washington*, 967 So.2d 16, 19 (Miss. 2007).

Plaintiffs likewise concede that their claim for negligent infliction of emotional distress fails. Miss. Code Ann. § 71-3-9 bars an employee's recovery for negligent infliction of emotional distress. See e.g., *Miles v. Raycom Media*, *Inc*., No. 1:09CV713-LG-RHW, 2010 WL 3419438 at *3 (S.D. Miss. Aug. 26, 2010), where the Court recognized that "a claim for negligent infliction of emotional distress does not arise from acts of intentional discrimination, and any state tort claim grounded in negligence is barred by the Workers' Compensation Act." *Id*.

---

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C.A. § 2000e-2 (West).

Accordingly, this court dismisses Plaintiffs' claims for intentional infliction of emotional distress and negligent infliction of emotional distress from this lawsuit.

### Title VII Claim

Agreeing with Defendants' argument, Plaintiffs acknowledge that their Title VII claim for gender discrimination is premature, because Plaintiffs have failed to exhaust their requisite administrative remedy[7]; Plaintiffs admit they have not received a statutory notice of right to sue. This lack of such notice subjects this claim to dismissal. *See Davis v. Dallas Area Rapid Transit*, 383 F. 3d 309, 314-315 (5th Cir. 2004); *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996) ("Although the filing of an EEOC charge is not a jurisdictional prerequisite, it is a precondition to filing suit in district court."). Thus, this court dismisses Plaintiffs' Title VII claim.

### Equal Pay Act Claim

In their Complaint, Plaintiffs allege that Hannibal is liable under the EPA. The Fifth Circuit has concluded that an EPA claim against a supervisor should be dismissed where it is a "remedial redundancy". A "remedial redundancy" occurs when the plaintiff already has the same claim against the employer under the EPA. *Suter v. Univ. of Texas at San Antonio*, 495 F. App'x 506, 512 (5th Cir. 2012); *see also Traylor v. S. Components, Inc.*, No. 18-CV-0775, 2019 WL 3526358 at *2-3 (W.D. La. Aug. 1, 2019) (holding that, because the plaintiff could not recover twice for the same alleged act of discrimination, the EPA claim against an individual was redundant of the claim against the employer and subject to dismissal). Plaintiffs in the lawsuit *sub judice* seek to hold both

---

[7] "Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002) (emphasis added). "The failure to exhaust administrative requirements is a proper basis for granting a motion to dismiss." *Hall v. Ouachita Par. Corr. Ctr.*, 2008 WL 724230 at *2 (W.D. La. Mar. 17, 2008).

CMS and Hannibal liable under the EPA. This court, however, in lockstep with the Fifth Circuit, dismisses Plaintiffs' EPA claim against Hannibal.

## CONCLUSION

For the above-provided reasons, this court GRANTS Defendants' Partial Motion to Dismiss [Docket no. 9]:

Plaintiffs' Equal Pay Act claim against Hannibal is dismissed with prejudice.

Plaintiffs' Title VII claim against CMS is dismissed without prejudice.

Plaintiffs' claim of negligent infliction of emotional distress against Hannibal and CMS is dismissed with prejudice.

Plaintiffs' claim of intentional infliction of emotional distress against Hannibal and CMS is dismissed with prejudice.

**SO ORDERED** this the 6th day of February, 2023.

/s/HENRY T. WINGATE
**UNITED STATES DISTRICT COURT JUDGE**